**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUSTIN M. CHERRY and MICHELE CHERRY | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 16-0505-BRM-DEA |
| v. | : | |
| | : | |
| BOROUGH OF TUCKERTON, CHIEF OF POLICE MICHAEL CAPUTO, SGT. CHRISTOPHER ANDERSON, JOHN DOES 1-15 (fictitious names), jointly, severally, and in the alternative, | : | **OPINION** |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Partial Reconsideration filed by Plaintiffs Justin M. Cherry ("Cherry") and Michele Cherry (together, the "Plaintiffs") (Dkt. No. 20), seeking reconsideration of the Court's October 17, 2016 Opinion and Order (Dkt. Nos. 18, 19), which granted in part and denied in part a motion to dismiss Plaintiffs' Amended Complaint (Dkt. No. 11). Defendants Borough of Tuckerton, Chief of Police Michael Caputo, and Sgt. Christopher Anderson (collectively, the "Defendants") oppose Plaintiffs' motion. (Dkt. No. 22.) Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set forth herein, Plaintiffs' motion is **DENIED**.

## I.    BACKGROUND

The underlying facts are set forth at length in the Court's October 17, 2016 Opinion (Dkt. No. 18), from which Plaintiffs seek reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

## II.    LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft,* Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) as "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (Thompson, J.).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (Walls, J.). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate

Judge has overlooked." L. Civ. R. 7.1(i)[1]; *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron*

---

[1] Local Civil Rule 7.1(d) further provides that "[n]o reply papers shall be filed, unless permitted by the Court, relating to . . . [Motions for] Reconsideration under L. Civ. R. 7.1(i)." Despite this clear mandate, Plaintiffs purported to file a Reply to Defendants' Opposition to Plaintiffs' Motion for Reconsideration (Dkt. No. 23) without first seeking or obtaining the Court's permission. Therefore, the Court will not consider the arguments raised in Plaintiffs' reply papers.

*U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III.   DECISION

In their Motion for Reconsideration, Plaintiffs ask the Court to reconsider its decision to partially grant Defendants' motion to dismiss. However, Plaintiffs ignore both the legal standard governing motions for reconsideration and the basis of the Court's prior ruling. For example, Plaintiffs do not suggest that there has been any intervening change in the controlling law or that there is any new, previously unavailable evidence. Instead, Plaintiffs raise new arguments not previously raised in opposition to Defendants' Motion to Dismiss or pled in their Amended Complaint. None of these arguments are proper on a motion for reconsideration. *See* L. Civ. R. 7.1(i). Plaintiffs contend, however, the Court may have overlooked specific allegations in the Amended Complaint that would save Plaintiffs' claims and reconsideration is necessary to prevent "manifest injustice." The Court will address Plaintiffs' challenges to each cause of action dismissed in its prior Opinion.

In its prior Opinion, the Court dismissed Counts I and II of Plaintiffs' Amended Complaint, asserting violations of 42 U.S.C. §1983 and N.J.S.A. 10:6-2, respectively. Relying, in part, on the United States Supreme Court's holding in *Gilbert v. Homar*, 520 U.S. 924 (1997), the Court found Plaintiffs "failed to allege the first element of a § 1983 claim; *i.e.*, that Cherry has been deprived of a federal right" and, accordingly, dismissed Count I. (Dkt. No. 18 at 6-7.) Because "the Court interpret[ed] Counts I and II to be analogous claims under the United States and New Jersey constitutions, respectively," the Court also dismissed Count II "because '[t]his district has

repeatedly interpreted NJCRA analogously to § 1983." (*Id*. at 7 (quoting *Pettit v. New Jersey*, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011).) Plaintiffs urge the Court to "reconsider it's [sic] position with regard to Counts I and II of the Amended Complaint" on the grounds "that the Court overlooked the allegations of 'investigating Plaintiff under false pretenses' and first 'alleging a violation of an administrative vehicle pursuit policy.'" (Dkt. No. 20-1 at 3.)

The term "overlooked" in L. Civ. R. 7.1(i) "has been consistently interpreted as referring only to facts and legal arguments that might have reasonably resulted in a different conclusion had they been considered." *Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009); *see also Schiano*, 2016 WL 5340508, at *1 ("[W]hen the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.") (citing L. Civ. R. 7.1(i)). Here, the Court did not overlook the allegations of "investigating Plaintiff under false pretenses" or alleged "violation of an administrative vehicle pursuit policy" because those claims were presented in the Amended Complaint and argued in Plaintiffs' opposition to Defendants' motion to dismiss. *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 2007 WL 1749963, at *2 (D.N.J. June 15, 2007) (denying motion for reconsideration, noting "the Court [did not] overlook Plaintiffs' claims . . . and the relevant allegations in their Amended Complaint" because "those claims were presented in the Amended Complaint and argued in Plaintiffs' opposition to Defendants' motion to dismiss"). Indeed, the Court specifically quoted these allegations in its prior Opinion (Dkt. No. 18 at 5) before explaining that, because Cherry has been charged with a felony, he was neither entitled to notice and a hearing prior to his suspension (*Id*. at 7 (citing *Gilbert*, 520 U.S. at 933-34; *Biliski*, 574 F.3d at 223)) nor able to rebut the statutory basis for Defendants' actions. (*Id*. (citing N.J.S.A. 40A:14-149.1)) Even if the Court had overlooked these allegations (which it did not), it would not have resulted in a different conclusion

because the Court's holding was based on Plaintiffs' "fail[ure] to allege the first element of a §1983 claim; *i.e.*, that Cherry has been deprived of a federal right." (*Id.* at 6.) Plaintiffs' Motion for Reconsideration as to Counts I and II is, therefore, **DENIED**.

Next, Plaintiffs contend "reconsideration is warranted for Count IV to correct an error of law." (Dkt. No. 20-1 at 3.) In Count IV of their Amended Complaint, "Plaintiffs asserted a claim for civil conspiracy." (*Id.*; *see also* Dkt. No. 18 at 10.) "Because Plaintiffs failed to serve Defendants with a notice of tort claim, and no exceptional circumstances exist for their failure to do so," the Court dismissed Count IV for failing to comply with the requirements of the New Jersey Tort Claim Act, N.J.S.A. 59:1-1, *et seq*. ("NJTCA"). (Dkt. No. 18 at 11.) Plaintiffs argue that reconsideration is warranted because "[i]n the case at hand, Plaintiffs bring the conspiracy claim pursuant to § 1983. While this is not delineated in the Amended Complaint, Plaintiffs argued this point in opposition to Defendants' Motion to Dismiss." (Dkt. No. 20-1 at 5.) This concession is fatal to Plaintiffs' request for reconsideration. Plainly, the Court could not have considered Count IV as a conspiracy claim pursuant to § 1983 if it was not delineated in the Amended Complaint and "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Marks v. Struble*, 347 F. Supp. 2d 136, 148 (D.N.J. 2004) (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Plaintiffs' attempt to recast their Amended Complaint on a motion for reconsideration is equally inappropriate. In any event, even if the Court had treated Count IV as a § 1983 conspiracy, that cause of action would still be subject to dismissal for the same reasons as Counts I and II because "a § 1983 conspiracy claim is not actionable without an actual violation of §1983." *Fioriglio v. City of Atl. City*, 996 F. Supp. 379, 385 (D.N.J. 1998), *aff'd*, 185 F.3d 861 (3d Cir. 1999) (quoting *PBA Local No. 38 v. Woodbridge Police Dep't.*, 832 F.Supp. 808, 832 n.23 (D.N.J. 1993)). *See*

also *Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 282 (M.D. Pa. 2015) (dismissing plaintiff's § 1983 conspiracy claim "since plaintiff has failed to state a cognizable due process claim"); *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (holding that, to state a § 1983 conspiracy claim, plaintiff must establish, in part, "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy"). Therefore, Plaintiffs' Motion for Reconsideration as to Count IV is **DENIED**.

Count VIII of Plaintiffs' Amended Complaint asserted violations of 42 U.S.C. § 1983, pursuant to the United States Supreme Court's holding in *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). The Court dismissed Count VIII for two (2) independent reasons. First, the Court found "the Amended Complaint fails to identify a recognizable federal right of which Cherry has been deprived." (Dkt. No. 18 at 19.) Second, the Court found that "Plaintiffs fail[e]d to identify any specific policy of the Borough – enacted, proposed, or otherwise – that was responsible for Cherry's alleged constitutional deprivations." (*Id.*) In their Motion for Reconsideration, Plaintiffs suggest the "Court may have overlooked paragraphs 48-57 of Plaintiff's Complaint" when rendering its prior Opinion. (Dkt. No. 20-1 at 6.) The Court disagrees and directs Plaintiffs to page 18 of the Court's prior Opinion, wherein those paragraphs of the Amended Complaint are quoted verbatim and at length. (Dkt. No. 18 at 18.) Even if the Court had overlooked these allegations (it did not), and they could somehow be read as identifying a specific policy of the Borough (they cannot), it would not change the result. Assuming, for the sake of argument, "Plaintiff absolutely did identify specific patterns/customs of Tuckerton Borough," their *Monell* claim would still be subject to dismissal for failing to establish the first element of a §1983 claim. Thus, for the reasons discussed above, Plaintiffs' Motion for Reconsideration as to Count VIII is **DENIED**.

Finally, Plaintiffs tack on a single sentence at the end of their brief requesting "the opportunity to amend the Complaint and cure the deficiencies" identified in the Court's prior Opinion. (Dkt. No. 20-1 at 7.) Initially, Plaintiffs failed to request this relief in opposition to Defendants' motion to dismiss and, therefore, it cannot serve as a basis for the Court's reconsideration of its prior Opinion. *Estate of Harrison v. Trump Plaza Hotel & Casino*, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) ("[N]ew arguments cannot serve as a basis for the Court's reconsideration of its prior Opinion and Order."); *BAPU Corp v. Choice Hotels Int'l.*, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) (refusing to "consider Plaintiffs' . . . argument because it was raised for the first time in this motion for reconsideration."). In any event, a single sentence at the conclusion of Plaintiffs' brief requesting "the opportunity to amend the Complaint and cure the deficiencies," without more, is insufficient to justify such relief. *See Kanter v. Barella*, 2005 WL 3088336, at *3 (D.N.J. Nov. 16, 2005) ("Plaintiff offered nothing more than the following sentence at the conclusion of her 41-page written opposition: 'Plaintiff . . . respectfully requests leave to amend should the Court dismiss the Complaint in whole or in part.' Without more, that statement does not justify giving Plaintiff an opportunity to amend her complaint."); *Ramsgate Court Townhome Ass'n. v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) ("[Plaintiff's] single sentence, lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend.") (internal marks and citation omitted); *Shelton v. Restaurant.com Inc.*, 543 F. App'x. 168, 169 (3d Cir. 2013). Because Plaintiffs failed to request leave to amend in opposition to Defendants' motion to dismiss, and have not shown any justification to grant such relief, Plaintiffs' request for leave to amend is **DENIED**.

In sum, Plaintiffs are asking the Court to rethink what it has already thought through in its prior Opinion. Plaintiffs already presented all of their substantive arguments in opposition to Defendants' Motion to Dismiss. Here, Plaintiffs have failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. Plaintiffs merely dispute the Court's reasoning and ultimate decision to dismiss certain counts of the Amended Complaint. Mere disagreement, however, is not a sufficient basis for reconsideration and, accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration (Dkt. No. 20) is **DENIED**. An appropriate order will follow.

**Date: December 1, 2016**                                  */s/ Brian R. Martinotti*_____
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**